IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRCT OF TENNESSSEE

CEDRIC J. CALDWWELL,
ANGIE CALDWELL, and
CALDWELL PLUS PRODUCTIONS, INC.,

    Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA and
TRAVELERS PERSONAL SECURITY
INSURANCE COMPANY,

    Defendants.

No. 3:12-0269
Magistrate Judge Griffin

JURY DEMANDED

## AGREED CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and the Local Rules for the United States District Court for the Middle District of Tennessee, counsel for both parties have conferred and hereby submit the following proposed Case Management Order.

**1. JURISDICTION:** The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. §1332. The parties further agree that Venue is proper in the Middle District of Tennessee.

**2. THEORIES OF THE PARTIES:**

**(a) Plaintiffs' Theory:** The Plaintiffs entered into contracts with Defendants to have Defendants insure Plaintiffs' premises located at 517 Copperfield Way, Brentwood, Tennessee as well as personal property and business personal property located at said premises. The Defendants agreed to insure said premises against property damage, i.e. wind and water damage.

1

On or about May 2, 2010, portions of the Plaintiffs' premises and contents were damaged as a result of covered causes of loss. Although the Plaintiffs timely reported the loss to Defendants and fulfilled all of the duties after the loss that were imposed upon them by the insurance policies to the satisfaction of Defendants, Defendants still wrongfully denied the Plaintiffs' claims for insurance proceeds even though the damage to the Plaintiffs' premises is the result of a covered cause of loss.

Defendants' refusal to pay the Plaintiffs amounts owed to them as a result of the loss is without justification and constitutes a breach of contract. In addition, Defendants have engaged in unfair deceptive acts or practices that violate the Tennessee Consumer Protection Act, as codified at Tenn. Code Ann. § 47-18-101, *et seq.* Defendants' unfair and deceptive acts or practices are in violation of Tenn. Code Ann. § 47-18-104(a)-(b). Further, Defendants' are liable to Plaintiffs as a result of their bad faith in the handling, and ultimate denial, of the Plaintiffs' claims.

**(b)** **Defendants' Theory:** Defendants assert they are not liable to Plaintiffs for any sums on the basis that Plaintiffs knowingly, intentionally, fraudulently and deceptively submitted false information in their proofs of loss and during the Examination Under Oath. Defendants failed to fully cooperate with the investigation of these claims and misrepresented the inventory for this claimed loss as to usage, amount and value, all of which resulted in breach of their contracts with Defendants.

Furthermore, coverage for business property is specifically limited by the terms of Plaintiffs' homeowner's policy of insurance with Travelers Personal Security Company, over which there is no coverage. There is no coverage for claims made under the Caldwell Plus Productions, Inc. policy of insurance for items Plaintiffs did not list as covered property under

2

that policy.

Therefore, based on the foregoing, including but not limited to Plaintiffs' fraudulent conduct related to the presentation of their claims, coverage under said policies is barred. Defendants further assert that they did not violate the Tennessee Consumer Protection Act, codified at Tenn. Code Ann. § 47-18-101, *et seq.*, nor did they act in bad faith in this matter.

3. **ISSUES RESOLVED:**

   (a) Jurisdiction and venue.

4. **ISSUES STILL IN DISPUTE:**

   (a) Whether Defendants are in breach of contract.

   (b) Whether Defendants have engaged in unfair deceptive acts or practices that violate the Tennessee Consumer Protection Act, as codified at Tenn. Code Ann. § 47-18-101, *et seq.*

   (c) Whether Defendants' are liable to Plaintiffs for bad faith in the handling, and ultimate denial, of the Plaintiffs' claims.

   (d) Whether Plaintiffs concealed and provided materially false information with actual knowledge and intent to deceive in the submission of their proofs of loss and during Defendants' investigation, such as to void the policies of insurance and bar coverage under said policies.

   (e) Whether Plaintiffs' claims for business property are limited by the terms of their homeowner's policy with Travelers Personal Security Insurance # OC5D41-9860 56505-633-1.

   (f) Whether Plaintiffs' claims for property not listed as covered property under the terms

Case 3:12-cv-00269   Document 12   Filed 05/03/12   Page 3 of 6 PageID #: 181

of their policy with Travelers Property Casualty Company of America #I-660-380X1693-TIL-09 are not covered under said policy.

**(g)** Whether Plaintiffs breached their contracts of insurance with Travelers Personal Security Insurance, and with Travelers Property Casualty Company so as to void said policies, and bar recovery.

5. **PREDISCOVERY DISCLOSURES**: The parties will exchange by **May 16, 2012** the information required by Federal Rule of Civil Procedure 26(a)(1).

6. **DISCOVERY PLAN**:

    **(a)** **Completing All Discovery**: The parties shall complete all written discovery and depositions on or before **January 2, 2013**. Document requests, interrogatories and requests for admission shall be served sufficiently in advance of the discovery cutoff in order to allow time for responses and resolution of any discovery disputes prior to the expiration of the discovery deadline. It is not anticipated that electronic discovery will be required. Discovery related motions are due on or before **January 11, 2013**.

    **(b)** **Expert Disclosure (Rule 26):**

        (i) Plaintiffs' Rule 26(a)(2) expert witness disclosures and reports shall be served by **October 2, 2012.**

        (ii) Defendants' Rule 26(a)(2) expert witness disclosures and reports shall be served by **November 2, 2012.**

        (iii) Plaintiff's Rebuttal Expert Disclosures and reports shall be served by **November 12, 2012.**

7.  **MOTIONS:**

    (a)     **Joining Parties:**

        (i)     Plaintiff: **July 2, 2012**

        (ii)     Defendants: **August 2, 2012**

    (b)     **Deadline for Filing Motions to Amend the Pleadings:**

        (i)     Plaintiff: **July 2, 2012**

        (ii)     Defendants: **August 2, 2012**

    (c)     **Dispositive Motions:** The deadline for filing dispositive motions is **February 4, 2013**. Responses shall be filed within twenty-one (21) days after filing of Motion. Replies, if any, shall be filed fourteen (14) days after filing of Response.

8.  **OTHER ITEMS:**

    (a)     **Mediation.** The parties have not reached an agreement with regard to mediaton.

    (b)     **Subsequent Case Management Conferences.** A follow-up case management conference should be scheduled by the parties with Magistrate Griffin's office approximately one month before the close of discovery.

9.  **TARGETED TRIAL DATE:** The parties anticipate that this action should be ready for The trial is scheduled on **June 25, 2013**. The parties anticipate that the trial will last 4 days.

_____
MAGISTRATE JUDGE GRIFFIN

Submitted for Entry:

**GILBERT RUSSELL McWHERTER PLC**

*/s/ J. Brandon McWherter*
J. BRANDON MCWHERTER #21600
CHAD A. NAFFZIGER #26880
*Attorneys for Plaintiff*
101 N. Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com


**RAINEY, KIZER, REVIERE & BELL, P.L.C.**

*/s/ Russell E. Reviere*
RUSSELL E. REVIERE #07166
DEANA C. SEYMOUR #14478
*Attorneys for Defendant*
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414
rreviere@raineykizer.com
dseymour@raineykizer.com