IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CEDRICK J. CALDWELL; ANGIE )
CALDWELL; and CALDWELL PLUS )
PRODUCTIONS, INC. ) No. 3-12-0269
)
v. )
)
TRAVELERS PROPERTY )
CASUALTY COMPANY OF )
AMERICA; and TRAVELERS )
PERSONAL SECURITY INSURANCE )
COMPANY )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed agreed case management order, with slight modifications addressed at the initial case management conference held on May 2, 2012. Those modifications and other matters addressed on May 2, 2012, are as follows:

1. At the initial case management conference, plaintiffs' counsel agreed not to further oppose the defendants' motion to strike. Therefore, the motion to strike (Docket Entry No. 8) was GRANTED.

2. The plaintiffs were given until May 4, 2012, to file a revised complaint, deleting the preface.

3. The defendants shall file an answer to the revised complaint by May 11, 2012.

Unbeknownst to the Court, the plaintiffs had already filed a response in opposition to the motion to strike (Docket Entry No. 11). In that response, the plaintiffs contend, as counsel did on May 2, 2012, that the defendants' motion, filed on April 30, 2012, was untimely, and should have been filed within 21 days (plus three days for service), after having been served on February 22, 2012. Rule 12(f) of the Federal Rules of Civil Procedure provides that a motion to strike must be filed within 21 days of being served or, alternatively, "before responding to the pleading." Since

the motion to strike was filed before the defendants filed an answer (Docket Entry No. 10), albeit a mere minutes beforehand, the motion is timely.

The Court agrees with the plaintiffs that motions to strike are disfavored. However, none of the cases cited by the plaintiffs addresses the same circumstances presented in this case, i.e., a motion to strike a "preface" to the complaint, which consists in its entirety of a quotation from a 1879 case from another state. The Court notes that Rule 8(a)(2) requires that a complaint include a "short and plain statement of the claim." Citing a Wisconsin case decided over 120 years ago does not fall within the prescription of Rule 8(a)(2). In its answer, the defendants are required to admit or deny the allegations asserted against them, in accord with Rule 8(b)(1)(B). It is not clear how the defendants could respond to the plaintiffs' preface.

While the Court cannot find that quoting case law is "scandalous," it is clearly immaterial to the plaintiffs' claims in this case. The plaintiffs contend that the preface is "material and relevant" because it "provides insight into the complicated relationship between the insurer and the insured, and the difficulties faced by plaintiffs in proceedings against their insurers for failure to pay insurance claims." Docket Entry No. 11, at 4. If these matters are relevant, the plaintiffs can address them through proof and argument presented in this case. The Court assumes that the plaintiffs will not rely on the 120 year old Wisconsin case as part of the proof in this case, but they are free to refer to the case in any briefing. The prejudice to the defendants is that, if allowed to stand as currently written, the complaint, including the preface, could be read to the jury.

4. The plaintiffs have agreed to an inspection of the property and the parties expect that such inspection will take place within the next 30 days. The parties shall confer about whether the plaintiffs' public adjustor or other expert may be present at the inspection by the defendants.

5. The parties do not expect that there will be discovery of electronically stored information, except for emails that may be relevant to the plaintiffs' claims under the Tennessee Consumer Protection Act. Therefore, they are exempted from the provisions of Administrative

2

Case 3:12-cv-00269   Document 13   Filed 05/03/12   Page 2 of 4 PageID #: 186

Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

However, if unanticipated e-discovery issues arise, counsel shall schedule a telephone conference call with the Court to address those matters.

6. Counsel for the parties shall convene a telephone conference call with the Court on **Thursday, September 6, 2012, at 11:00 a.m.,** to be initiated by defendants' counsel, to address the status of the case, whether the inspection of the property has been completed, whether the depositions of the plaintiffs and Victor Caldwell have been taken, any issues relating to e-discovery, the potential for settlement,[1] propriety of ADR, and any other appropriate matters.

7. The parties shall not be required to comply with Local Rule 39.01(c)(6)(c), as long as they fully comply with their obligations under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Any expert testifying at trial shall not be permitted to offer opinions or bases therefor that were not provided in his or her expert disclosures.

As provided in the contemporaneously entered order, any dispositive motion shall be filed by February 4, 2013. Any response shall be filed within 21 days of the filing of the motion or by February 25, 2013, if the motion is filed on February 4, 2013. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by March 11, 2013, if the response is filed on February 25, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Kevin H. Sharp.

Memoranda in support of or in opposition to any dispositive motion shall not exceed twenty (20) pages.

---

[1] The Court urged the parties to address the potential for settlement as early as possible, particularly in light of the amount of money at issue in this case and the attorneys' fees and costs that will be incurred if this case is fully litigated.

3

There shall be no stay of discovery before the January 2, 2013, deadline for completion of fact and expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Sharp's office, a jury trial is scheduled to begin on **Tuesday, June 25, 2013, at 9:00 a.m.,** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last four (4) days.

A pretrial conference is also scheduled before Judge Sharp on **Friday, May 31, 2013, at 1:30 p.m.,** in Courtroom A-826.

The parties' obligations prior to the pretrial conference will be set forth by order entered closer to the trial date.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

   _____
JULIET GRIFFIN
United States Magistrate Judge